947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. FULTON, and Jenny Fulton, Plaintiffs-Appellants,
v.
John D. LOUCKS, Defendant,
Young S. Kim, Barney E. Elliot, and Emergency Physicians
Group, PSC, Defendants-Appellees.
 No. 90-6552.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and DUGGAN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs Kenneth L. and Jenny Fulton brought a wrongful death action, based upon diversity jurisdiction, against physicians involved in the treatment of their son, Kenneth Daniel Fulton, who died on July 22, 1987, two days after surgery to have his tonsils and adenoids removed. Plaintiffs appeal two evidentiary rulings made by the district court: the redaction of a portion of a coroner's report and death certificate deemed by the district court to be untrustworthy under Fed.R.Evid. 803(8)(c) and the admission of surrebuttal testimony by one of defendants' expert witnesses.
 
 
 2
 The redacted portions of the report and death certificate concerned secondary or contributing causes of death. The elected County Coroner, Bob Howe, whose only medical experience was a term as a Navy medical corpsman, determined that the cause of death was acute tracheobronchitis with early bronchopneumonia, and further concluded that significant conditions contributing to Kenneth Daniel Fulton's death were "[d]elayed recognition of medical/surgical complications/poor follow up." The district court questioned the coroner in the absence of the jury to determine whether to admit the report and death certificate as public records under Fed.R.Evid. 803(8)(c). After finding that Howe was not a medical doctor and had been a barber and worked for a long-distance telephone company for 25 years prior to his election as coroner, the district court redacted those portions of the documents related to secondary or contributing causes of death, determining that these conclusions were untrustworthy and inadmissible under Fed.R.Evid. 803(8)(c).
 
 
 3
 The district court also permitted the defendants to introduce surrebuttal testimony from an expert witness, Dr. Frank Pitzer, to address matters raised by plaintiffs' rebuttal witness, Dr. John Pless. Specifically, in rebuttal testimony, Dr. Pless identified "vegetable matter" and tonsil tissue in pictures of the child's lungs. Surrebuttal testimony was allowed in order to address this evidence, which the district court found to be "totally new" and which had not been elicited from any witness prior to Dr. Pless.
 
 
 4
 It is within the discretion of the trial court to exclude an entire report or portions thereof that the court determines to be untrustworthy. Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167 (1988). The trial court also has broad discretion to determine the scope of rebuttal testimony. Martin v. Weaver, 666 F.2d 1013, 1020 (6th Cir.1981), cert. denied, 456 U.S. 962 (1982).
 
 
 5
 Having carefully reviewed the record, this court is satisfied that the district court did not abuse its discretion in either of its rulings.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation